# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| CONTINENTAL RESOURCES, INC, |
| *Plaintiff,* |
| v. |
| DAVID BERNHARDT, Secretary of the U.S. Department of Interior, *et al.*,[1] |
| *Defendants.* |

No. 17-cv-2197 (RDM)

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendants' Motion for Correction of Judgment, Dkt. 46, and Plaintiff's motion pursuant to Rules 59(e) and 60 of the Federal Rules of Civil Procedure to Alter or Amend Order to Conform to Judgment, Dkt. 49. The dispute between the parties stems from an inconsistency between the Court's Order, Dkt. 42, and the Final Judgment, Dkt. 44. In particular, the Court's Order directs "that the matter be remanded to" the Department of Interior's Office of National Resource Revenue ("ONRR") "for further proceedings consistent with [the] opinion," Dkt. 42 at 1, while the Final Judgment, which was entered pursuant to Plaintiff's unopposed motion, Dkt. 43, directs that "the matter be remanded to the Interior [Department's] Board of Land Appeals," Dkt. 44.

The question of which office should consider the remand—at least in the instance—is not straightforward. As Plaintiff correctly observes, the administrative decision under review before this Court ultimately was that of the Secretary of Interior, although other offices acted pursuant

---

[1] The current officeholder is automatically substituted as the defendant. See Fed. R. Civ. P. 25(d)

to delegated authority. The Second Amended Complaint, however, names the Secretary, the Director of the ONRR, and others as defendants, and it recites that the decision of the Director of ONRR "became" the final agency action subject to this Court's review when Board of Land Appeals failed to act on Plaintiff's administrative appeal within the statutorily designated time period. That recitation moreover, accords with what happened. The Director of ONRR issued the administrative decision that the Court reviewed, and the Board of Land Appeals dismissed the administrative appeal when the statutory review period expired without action.

In general, the question of which office should act on remand is a matter of internal administration, best left in the first instance to the administrative agency. *See Federal Power Commission v. Transcontinental Gas Pipe Line Corp.*, 423 U.S. 326, 333-34 (1976) (observing that, on remand, administrative agencies are typically best situated to devise appropriate procedures and reviewing courts should not do so in the absence of a statutory or regulatory directive). In this case, however, the applicable regulations contemplate that remands are to be made to the Board of Land Appeals rather than the ONRR. This conclusion follows from three premises.

*First*, a party "affected by an order the ONRR Director issues," such as Plaintiff, has "a right to appeal to the [Board of Land Appeals] under the procedures provided in 43 CFR part 4, subpart E." 30 C.F.R. § 1290.108. *Second*, "Subpart E" provides that "[t]o the extent they are not inconsistent with the[] special rules [governing appeals to the Board of Land Appeals], the general rules of the Office of Hearings and Appeals [set out] in Subpart B . . . are also applicable to hearings" held under Subpart E. 43 C.F.R. § 4.420. *Third*, the "general rules" set out in Subpart B expressly contemplate that a remand from a "court for further proceedings" will be made to the "*Appeals Board*"—i.e., to the Board of Land Appeals. 43 C.F.R. § 4.29 (emphasis

added). Nothing in "subpart E," moreover, is inconsistent with § 4.29. As a result, a remand from for further proceedings should be made to the Board of Land Appeals, not the ONRR.

Remanding to the Board of Land Appeals is consistent with the principle that administrative agencies are typically best situated to devise appropriate procedures for how the agency should act on remand. *See Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council, Inc.*, 435 U.S. 519, 524-25 (1978). Section 4.29 expressly provides that on remand the Board retains the authority to "enter special orders governing the handling of matters remanded to it for further proceedings by any court." Thus, on remand, the Board of Land Appeals may well decide, as Defendants urge, that the ONRR should consider the issues raised by the Court's Memorandum Opinion and Order on remand, or it may decide that it is better situated to consider those issues in the first instance. Either way, the agency will have the opportunity to determine the proper procedures for itself, and, if and only if, those procedures violate a statute or regulation will the aggrieved party be able to seek the Court's intervention.

Accordingly, Defendants' Motion for Correction of Judgment, Dkt. 46, is **DENIED**, and Plaintiff's Rule 59(e) and Rule 60 motion to amend the Court's Order, Dkt. 49, is **GRANTED**.

An amended Order will issue.

**SO ORDERED.**

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: October 3, 2019